UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| FLORENTINO MELGAREJO, on behalf of himself, individually, and on behalf of all others similarly-situated,<br><br>Plaintiff,<br><br>-against-<br><br>NEW YORK FISH & VEGETABLE, INC., d/b/a "NY FISH AND VEGETABLES," and LEE'S FISH & FRUIT, INC., and DAVID LEE, individually,<br><br>Defendants. | **COMPLAINT**<br><br>Docket No.: 19-cv-02439<br><br>Jury Trial Demanded |

Plaintiff, FLORENTINO MELGAREJO ("Plaintiff"), on behalf of himself, individually, and on behalf of all others similarly-situated, (collectively as "FLSA Plaintiffs," as that term is defined below), by and through his attorneys, BORRELLI & ASSOCIATES, P.L.L.C., as and for his Complaint against NEW YORK FISH & VEGETABLE, INC., d/b/a "NY FISH AND VEGETABLES" ("NY Fish & Vegetables"), and LEE'S FISH & FRUIT, INC. ("Lee's Fish & Fruit"), and DAVID LEE, individually, (all three, together where appropriate, as "Defendants"), alleges upon knowledge as to himself and his own actions and upon information and belief as to all other matters as follows:

## NATURE OF THE CASE

1. This is a civil action for damages and equitable relief based upon willful violations that Defendants committed of Plaintiff's rights guaranteed to him by: (i) the overtime provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207(a); (ii) the overtime provisions of the New York Labor Law ("NYLL"), NYLL § 160; N.Y. Comp. Codes R. & Regs. ("NYCRR") tit. 12, § 142-2.2 and/or § 146-1.4; (iii) the NYLL's requirement that employers furnish employees

1

with wage statements containing specific categories of accurate information on each payday, NYLL § 195(3); (iv) the NYLL's requirement that employers furnish employees with a wage notice at the time of hire containing specific categories of accurate information, NYLL § 195(1); and (v) any other claim(s) that can be inferred from the facts set forth herein.

2. Plaintiff worked for Defendants - - two corporate entities that consecutively operated a single deli and grocery store located in the Bronx, New York, as well as the entities' owner who was Plaintiff's direct supervisor - - as a stocker from in or about May 2012 until on or about January 4, 2019. As described below, throughout his employment, but as is relevant herein, for the six-year period pre-dating this action's commencement ("the Relevant Period"), Defendants willfully failed to pay Plaintiff the wages lawfully due to him under the FLSA and the NYLL. Specifically, during the Relevant Period, Defendants required Plaintiff to work, and Plaintiff did in fact work, in excess of forty hours for each week or virtually each week, yet Defendants failed to compensate Plaintiff at any rate of pay, much less at the rate of one and one-half times his regular rate of pay for all hours that he worked in excess of forty each week, and instead paid him on a flat weekly basis for all hours worked that operated by law to cover only the first forty hours that he worked in a week.

3. Furthermore, Defendants failed to provide Plaintiff with any wage statements on each payday or with any wage notice at the time of Plaintiff's hire, let alone accurate ones, both as the NYLL requires.

4. Defendants paid and treated all of their stockers in the same manner.

5. Accordingly, Plaintiff brings this lawsuit against Defendants pursuant to the collective action provisions of the FLSA, 29 U.S.C. § 216(b), on behalf of himself, individually,

and on behalf of all other persons similarly-situated during the applicable FLSA limitations period who suffered damages as a result of Defendants' willful violations of the FLSA.

6. Plaintiff brings claims under the NYLL on behalf of himself, individually, and on behalf of any FLSA Plaintiff, as that term is defined below, who opts-in to this action.

## JURISDICTION AND VENUE

7. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331, as this action arises under 29 U.S.C. § 201, *et seq*. The supplemental jurisdiction of the Court is invoked pursuant to 28 U.S.C. § 1367 over all claims arising under New York law.

8. Venue is appropriate in this Court pursuant to 28 U.S.C. § 1391(b)(2), as a substantial part of the events or omissions giving rise to the claims for relief occurred within this judicial district.

## PARTIES

9. At all relevant times herein, Plaintiff worked for Defendants in New York and was an "employee" entitled to protection as defined by the FLSA, the NYLL, and the NYCRR.

10. From at least as early as March 2013 until November 2017, Defendant Lee's Fish & Fruit was a New York corporation with its principal place of business located at 44 East 167th Street, Bronx, New York 10452, which either sold and discontinued its operations in or around November 2017, or at that time merged with and continued its substantially similar operations with another entity, Defendant New York Fish and Vegetable, Inc.

11. Starting in November 2017, Defendant New York Fish and Vegetable, Inc. has been and remains a New York corporation doing business as "NY Fish and Vegetables," with its principle place of business also located at 44 East 167th Street, Bronx, New York 10452.

12. At all times during the Relevant Period, Defendant Lee was (and is) the chief executive officer of first Lee's Fish and Fruit and later NY Fish & Vegetables. In those roles, Defendant Lee personally managed and oversaw the day-to-day operations of both entities and was ultimately responsible for all matters with respect to determining employees' rates and methods of pay and hours worked. Furthermore, Defendant Lee had and exercised the power to hire and fire and approve all personnel decisions with respect to both entities, and personally made the decision to hire Plaintiff at Lee's Fish & Fruit and then to fire Plaintiff from NY Fish & Vegetables, and additionally directly supervised Plaintiff's work with both entities.

13. At all times during the Relevant Period, all Defendants were "employers" within the meaning of the FLSA and the NYLL. Additionally, the qualifying annual business of Defendant Lee's Fish & Fruit and Defendant NY Fish & Vegetables exceed $500,000.00, and both entities were engaged in interstate commerce within the meaning of the FLSA, as they employed two or more employees, accepted payments in cash that naturally moved across state lines, accepted credit cards as a form of payment based on cardholder agreements with out-of-state companies, and bought and sold fish, produce, and related products that they had received from outside of New York, the combination of which subjects Defendants to the FLSA's overtime requirements as an enterprise.

## COLLECTIVE ACTION ALLEGATIONS

14. Plaintiff seeks to bring this suit to recover from Defendants unpaid overtime compensation and liquidated damages pursuant to the applicable provisions of the FLSA, 29 U.S.C. § 216(b), individually, on his own behalf, as well as on behalf of those in the following collective:

> Current and former stockers or those who worked in other similar positions, who at any time during the applicable FLSA limitations

4

period performed any work for Defendants, and who consent to file a claim to recover damages for overtime compensation that is legally due to them ("FLSA Plaintiffs").

15. Defendants treated Plaintiff and all FLSA Plaintiffs similarly in that Plaintiff and all FLSA Plaintiffs: (1) performed similar tasks, as described in the "Background Facts" section below; (2) were subject to the same laws and regulations; (3) were paid in the same or similar manner; (4) were required to work in excess of forty hours in a workweek; and (5) were not paid the required one and one-half times their respective regular rates of pay for all hours worked per workweek in excess of forty.

16. At all relevant times, Defendants are and have been aware of the requirements to pay Plaintiff and all FLSA Plaintiffs at an amount equal to the rate of one and one-half times their respective regular rates of pay for all hours worked each workweek above forty, yet they purposefully and willfully chose not to do so.

17. Thus, Plaintiff and all FLSA Plaintiffs are victims of Defendants' pervasive practice of willfully refusing to pay their employees overtime compensation for all hours worked per workweek above forty, in violation of the FLSA.

## BACKGROUND FACTS

18. In May 2012, Defendant Lee hired Plaintiff to work as a stocker at Lee's Fish & Fruit, a small deli and grocery store located in the Bronx, New York. In or around November 2017, Lee's Fish & Fruit either sold and discontinued its operations to NY Fish & Vegetables, or alternatively merged with and continued its substantially similar operations with NY Fish & Vegetables.

19. Defendant Lee was and is the chief executive officer and day-to-day overseer of first Lee's Fish & Fruit and later NY Fish & Vegetables, who also personally supervised Plaintiff during Plaintiff's employment with Defendants.

20. At Lee's Fish & Fruit/NY Fish & Vegetables, customers were/are able to purchase ready-to-eat foods prepared by Defendants for consumption on the premises.

21. Defendants employed Plaintiff in the produce department as a stocker from approximately May 2012 until on or about January 4, 2019, at which time Defendant Lee terminated Plaintiff's employment.

22. During the entirety of his employment, but at least during the Relevant Period, Plaintiff's duties as a grocery stocker included, but were not limited to, stocking fruits and vegetables, attending to customers, and cleaning the store as needed.

23. Throughout the Relevant Period, Defendants required Plaintiff to work, and Plaintiff did work, six days per week, from 9:00 a.m. until 7:00 p.m. without a scheduled or uninterrupted break each day, for a total of sixty hours worked each workweek.

24. Defendants paid Plaintiff the following amounts, which covered only the first forty hours worked each week, during the following periods:

> March 2013 – December 2013: $470.00 per week;
>
> January 2014 – December 2014: $490.00 per week;
>
> January 2015 – December 2015: $510.00 per week;
>
> January 2016 – December 2016: $530.00 per week;
>
> January 2017 – May 2017: $620.00 per week;
>
> June 2018 – January 2019: $690.00 per week;

25. At all times throughout the Relevant Period, Defendants failed to pay Plaintiff at any rate of pay for any hours that Plaintiff worked each week over forty.

26. For example, during the week of December 9 through December 15, 2018, Defendants required Plaintiff to work, and Plaintiff did work, sixty hours, from 9:00 a.m. until 7:00 p.m. from Monday to Saturday, without taking an uninterrupted break during any of those days. For his work that week, Defendants paid Plaintiff a weekly salary of $690 that covered only his first forty hours of work, and failed to pay Plaintiff at any rate for the hours that Plaintiff worked that week in excess of forty.

27. Defendants paid Plaintiff on a weekly basis in cash.

28. On each occasion when Defendants paid Plaintiff, Defendants failed to provide Plaintiff with any wage statement, let alone statements that accurately listed, *inter alia*, Plaintiff's actual hours worked for that week and/or his straight and overtime rates of pay for all hours worked.

29. Defendants also did not provide Plaintiff with any wage notice at the time of his hire, let alone one that accurately listed any of the following: Plaintiff's regular and overtime rates of pay and basis thereof; his regular payday; his employers' name, physical address of their main office, mailing address if it differs, and telephone number; and any "doing business as" names used by his employer.

30. Defendants treated Plaintiff and FLSA Plaintiffs in the manner described herein.

31. Each hour that Plaintiff and FLSA Plaintiffs worked was for Defendants' benefit.

32. Defendants acted in the manner described herein so as to minimize their overhead while maximizing profits.

## **FIRST CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime under the FLSA*

33. Plaintiff and FLSA Plaintiffs repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

34. 29 U.S.C. § 207(a) requires employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

35. As described above, Defendants are employers within the meaning of the FLSA, while Plaintiff and FLSA Plaintiffs are employees within the meaning of the FLSA.

36. As also described above, Plaintiff and FLSA Plaintiffs worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the FLSA's overtime provisions.

37. Defendants willfully violated the FLSA.

38. Plaintiff and FLSA Plaintiffs are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

39. Plaintiff and FLSA Plaintiffs are also entitled to liquidated damages and attorneys' fees for Defendants' violations of the FLSA's overtime provisions.

## **SECOND CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Unpaid Overtime under the NYLL and the NYCRR*

40. Plaintiff, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

41. NYLL § 160 and 12 NYCRR § 142-2.2 and/or NYCRR § 146-1.4 require employers to compensate their employees at a rate not less than one and one-half times their regular rates of pay for all hours worked exceeding forty in a workweek.

42. As described above, Defendants are employers within the meaning of the NYLL and the NYCRR, while Plaintiff, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL and the NYCRR.

43. As also described above, Plaintiff, and any FLSA Plaintiff who opts-in to this action, worked in excess of forty hours in a workweek, yet Defendants failed to compensate them in accordance with the NYLL's and the NYCRR's overtime provisions.

44. Plaintiff, and any FLSA Plaintiff who opts-in to this action, are entitled to overtime pay for all hours worked per week in excess of forty at the rate of one and one-half times their respective regular rates of pay.

45. Plaintiff, and any FLSA Plaintiff who opts-in to this action, are also entitled to liquidated damages, interest, attorneys' fees for Defendants' violations of the NYLL's and NYCRR's overtime provisions.

### THIRD CLAIM FOR RELIEF AGAINST DEFENDANTS
*Failure to Furnish Proper Wage Statements in Violation of the NYLL*

46. Plaintiff, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

47. NYLL § 195(3) requires that employers furnish employees with wage statements containing accurate, specifically enumerated criteria on each occasion when the employer pays wages to the employee.

48. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL.

49. As also described above, Defendants, on each payday, failed to furnish Plaintiff, and any FLSA Plaintiff who opts-in to this action, with any wage statements on each payday, let alone wage statements accurately containing all of the criteria required under the NYLL.

50. Prior to February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, and any FLSA Plaintiff who opts-in to this action, in the amount of $100.00 for each workweek that the violation occurred, up to a statutory cap of $2,500.00.

51. On or after February 27, 2015, pursuant to NYLL § 198(1-d), Defendants are liable to Plaintiff, and any FLSA Plaintiff who opts-in to this action, in the amount of $250.00 for each workday that the violation occurred, up to a statutory cap of $5,000.00.

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANTS**
*Failure to Furnish Proper Wage Notices in Violation of the NYLL*

52. Plaintiff, and any FLSA Plaintiff who opts-in to this action, repeat, reiterate, and re-allege each and every allegation set forth above with the same force and effect as if more fully set forth herein.

53. NYLL § 195(1) requires that employers provide employees with a wage notice at the time of hire containing accurate, specifically enumerated criteria.

54. As described above, Defendants are employers within the meaning of the NYLL, while Plaintiff, and any FLSA Plaintiff who opts-in to this action, are employees within the meaning of the NYLL.

55. As also described above, Defendants failed to furnish Plaintiff, and any FLSA Plaintiff who opts-in to this action, with any wage notice at their time of hire, let alone one accurately containing all of the criteria required under the NYLL.

56. Prior to February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, and any FLSA Plaintiff who opts-in to this action, in the amount of $50.00 for each workweek after the violation initially occurred, up to a statutory cap of $2,500.00.

57. On or after February 27, 2015, pursuant to NYLL § 198(1-b), Defendants are liable to Plaintiff, and any FLSA Plaintiff who opts-in to this action, in the amount of $50.00 for each workday after the violation initially occurred, up to a statutory cap of $5,000.00.

## DEMAND FOR A JURY TRIAL

58. Pursuant to Federal Rule of Civil Procedure 38(b), Plaintiff and FLSA Plaintiffs demand a trial by jury on all claims in this action.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff and FLSA Plaintiffs demand judgment against Defendants as follows:

a. A judgment declaring that the practices complained of herein are unlawful and in willful violation of the aforementioned United States and New York State laws;

b. Preliminary and permanent injunctions against Defendants and their officers, owners, agents, successors, employees, representatives, and any and all persons acting in concert with them, from engaging in each of the unlawful practices, policies, customs, and usages set forth herein;

c. An order restraining Defendants from any retaliation against Plaintiff and/or FLSA Plaintiffs for participation in any form in this litigation;

  d. Designation of this action as an FLSA collective action on behalf of Plaintiff and FLSA Plaintiffs and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to the FLSA Plaintiffs, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

  e. All damages that Plaintiff and FLSA Plaintiffs have sustained as a result of Defendants' conduct, including all unpaid wages and any short fall between wages paid and those due under the law that Plaintiff and FLSA Plaintiffs would have received but for Defendants' unlawful payment practices;

  f. Liquidated damages and any other statutory penalties as recoverable under the FLSA and the NYLL;

  g. Designation of Plaintiff and his counsel as collective action representatives under the FLSA;

  h. Awarding Plaintiff and FLSA Plaintiffs their reasonable attorneys' fees, as well as their costs and disbursements incurred in connection with this action, including expert witness fees and other costs, and an award of a service payment to Plaintiff;

  i. Pre-judgment and post-judgment interest, as provided by law; and

j.  Granting Plaintiff and FLSA Plaintiffs such other and further relief as this Court finds necessary and proper.

Dated: New York, New York
       March 19, 2019

Respectfully submitted,

BORRELLI & ASSOCIATES, P.L.L.C.
*Attorneys for Plaintiff*
655 Third Avenue, Suite 1821
New York, New York 10017
Tel.   (212) 679-5000
Fax.   (212) 679-5005

By: _____
JEFFREY R. MAGUIRE (JM 1982)
ALEXANDER T. COLEMAN (AC 1717)
MICHAEL J. BORRELLI (MB 8533)